IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Timothy Taylor, as Personal Representative of the Estate of Brielle Morris, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CA No. 8:07-1597-HMH |
| vs. | ) ) | |
| Bridgestone/Firestone, Inc., Bridgestone Americas Holding, Inc., Bridgestone Firestone North American Tire, LLC, and Bridgestone Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Martelle T. Morris, | ) ) | |
| Plaintiff, | ) ) | CA No. 8:07-1598-HMH |
| vs. | ) ) | |
| Bridgestone/Firestone, Inc., Bridgestone Americas Holding, Inc., Bridgestone Firestone North American Tire, LLC, and Bridgestone Corporation, | ) ) ) ) ) | **OPINION & ORDER** |
| Defendants. | ) | |

This matter is before the court on Bridgestone Corporation's ("Bridgestone") motions to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants the Plaintiffs' request to conduct discovery on the specific jurisdiction issue.

1

## I. STATEMENT OF THE FACTS

This case arises as a result of an automobile accident involving a 1996 GMC Jimmy with a Bridgestone Dueler APT tire. (Compl. ¶ 13.) The driver, Brielle Morris, was killed and the passenger, Martelle Morris, suffered serious injuries.

Bridgestone is a Japanese corporation with its principal place of business in Tokyo. Bridgestone alleges that it did not design, manufacture, or sell the tire at issue. (Def.'s Mem. Supp. Mot. Dismiss Ex. 2 (Nakamato Aff. ¶ 8).) Bridgestone filed motions to dismiss for lack of personal jurisdiction on September 12, 2007, and September 18, 2007. The Plaintiffs responded on October 15, 2007, alleging that Bridgestone is subject to general jurisdiction in South Carolina and seeking discovery on whether Bridgestone is subject to specific jurisdiction in South Carolina. (Pls.' Mem. Opp'n Mot. Dismiss, generally.) Bridgestone replied on October 25, 2007, arguing that there is no evidence that it has continuous and systematic contacts with South Carolina and no evidence that Bridgestone was involved in any way with the tire at issue in this case.

## II. DISCUSSION OF THE LAW

Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. See In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). However, the plaintiff need only present a prima facie case. See id. In making this determination, the court looks to the complaint and any supporting affidavits. See id. Furthermore, the court will construe factual allegations in favor of the plaintiff. See id. "Whether general or specific jurisdiction is sought, a defendant's 'contacts' with a forum state are measured as of the time the claim arose." Cape v. von Maur, 932 F. Supp. 124, 127 (D. Md.

1996). "When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988). "However, where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition." Id.

In determining whether personal jurisdiction exists over a defendant, the court must perform a two-step analysis. First, the court must determine whether the South Carolina long-arm statute provides a basis for asserting jurisdiction over the defendants. See Young v. FDIC, 103 F.3d 1180, 1191 (4th Cir. 1997). Second, the court must determine if the assertion of such jurisdiction comports with the notions of fair play and substantial justice as required by due process. See id.

In his affidavit, Nakamoto states that Bridgestone "did not design, manufacture, or sell the tire at issue." (Def.'s Mem. Supp. Mot. Dismiss Ex. 2 (Nakamato Aff. ¶ 8).) The Plaintiffs seek "a reasonable period of time in which to conduct discovery so they can substantiate Bridgestone's connections to the subject tire." (Pls.' Mem. Opp'n Mot. Dismiss 27.) The Plaintiffs request discovery to inquire "into the role of the various Bridgestone and Firestone Defendants in the design, testing, manufacture and sale of the subject tire." (Id.) Based on the foregoing, the court finds that additional discovery is necessary on the issue of Bridgestone's contacts with South Carolina, and the court grants the Plaintiffs' request to conduct discovery on the issue of jurisdiction.

It is therefore

**ORDERED** that the Plaintiffs are granted forty-five (45) days in which to conduct discovery on the issue of jurisdiction. It is further

**ORDERED** that Bridgestone's motions to dismiss, document numbers 19 and 21, are dismissed with leave to refile.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
October 31, 2007